PATI LAVEA of Aoa, TIMO FAATOAFE of Onenoa, and
PULOU AFUSIA of Aoa, Plaintiffs

v.

IEROME·PULU of Aoa, Defendant

No. 11-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Lavea" of Aoa]

March 15, 1961

---

OPINION AND DECREE

Heard at Fagatogo on February 20 and 21, 1961 before
MORROW, *Chief Judge,* and APE and TAUALA, *Associate Judges.*

Tali, Counsel for Pati Lavea.

Te'o and Mapu, Counsel for Pulou.

Lolo, Counsel for Ierome Pulu.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Ierome Pulu filed his application with the Registrar of
Titles to be registered as the holder of the matai name Lavea attached to the village of Aoa. Pati Lavea, Timo Faatoafe, and Pulou Afusia each filed an objection to the proposed registration, thereby becoming candidates for the name. Hence this litigation. See Sec. 932 of the A. S. Code.

Timo Faatoafe, although notified as to the time and
place of the hearing, failed to appear in person, by counsel, or by a representative. The Court adjudged him to be in default and that he ceased to be a candidate.

Sec. 926 of the A. S. Code as amended prescribes the qualifications for holder of a matai name or title. The evidence showed that each of the three remaining candidates possesses the necessary qualifications and is, therefore, eligible to be registered as the holder of a matai name or title.

Sec. 933 of the A. S. Code as amended prescribes the law which the Court shall follow in determining which one of opposing candidates for a matai name shall be registered as its holder. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The value of the holder of the matai name to the government of American Samoa."

With respect to the issue of hereditary right, the undisputed evidence is to the effect that Pati is the blood son of the last Lavea, whose given name was Pati, and that Pulou is the grandson of Lavea Tafuna. Pati, therefore, has ½ Lavea blood in his veins while Pulou has ¼ Lavea blood in his veins. Ierome testified that he was the great grandson of Lavea Tauilo. However, the testimony of Pulou and Pati, both of whom are unquestionably members of the Lavea Family, indicated that there never had been a Lavea Tauilo. If their testimony be true, it follows that Ierome has no Lavea blood and is not a member of the Lavea Family and Pati so testified. However, Ierome only claims to have ⅛ Lavea blood. If his claim be true he, nevertheless, ranks below both Pati and Pulou on the issue of hereditary right; and if he has no Lavea blood at all, he also ranks below them. We find that Pati with ½ Lavea blood ranks first on the issue of hereditary right; that Pulou

447

with $1/4$ Lavea blood ranks second; and that Ierome, regardless of whether he has $1/8$ Lavea blood or none at all, ranks third.

Each of the candidates Pati, Pulou and Ierome filed a petition with the Court purporting to be signed by those blood members of the Lavea Family favoring his candidacy. There were 103 signers on the petition for Pati, 55 on the petition for Pulou, and 139 on the petition for Ierome.

Ierome admitted that 100 of the 103 signers on the petition for Pati were blood members of the Family. Pulou admitted that 96 of the signers for Pati were blood members. Pati himself testified that all 103 were blood members. Ierome admitted that 53 of the 55 signers on the petition for Pulou were blood members while Pati admitted that all 55 were blood members. Pulou testified that all 55 on his petition were blood members. Ierome testified that 136 of the 139 signers on his petition were blood members of the Lavea Family. Pati testified that 134 of the 139 on Ierome's petition were not blood members. Pati and Pulou claim that the people on Ierome's petition whom they rejected descended from people who never were Laveas; that the Laveas from whom Ierome claims they descend never existed. Pati testified that neither Ierome nor his father ever attended any Lavea Family affairs. Pati also testified that Ierome never rendered any service to the Lavea title. Pulou testified that Pati was selected by the Lavea Family to hold the title at a meeting of the Family held after the death of the last Lavea. It is our conclusion from the evidence that Pati ranks first on the issue of the wish of the majority or plurality of the blood members of the family and that Pulou ranks second and Ierome third. We believe that the weight of the evidence is to this effect and we so find.

Pati and Ierome are each 31 years of age while Pulou is

448

26. All three speak English. After his graduation from Poyer School, Ierome attended Leala school for one year. He also attended the Suva Medical school for a year but did not go on to graduate. He passed a general educational development test and received a diploma indicating that he had an education equivalent to that required for the graduation from a high school. Ierome has been a school teacher for 11 years. He also worked as a timekeeper for Van Camp Tuna Company for a year. Ierome has a weakness for beer and gets drunk rather frequently. Pati graduated from the Marist Brothers School. After graduation he got a job as a truck driver. This was during the war. After the war he was a taxi driver. He then worked for the Van Camp Tuna Company for a year; then for the Island Government Department of Agriculture for two years; then for the Van Camp Tuna Company again for about a year after which he became a policeman. He has been on the police force since 1958. Pati like Ierome has a weakness for drink and gets drunk occasionally according to the evidence. Pulou graduated from Fagalele School and then attended the Samoan High School for one year after which he went to work for WVUV as a mimeograph operator and later as a typist. He has been employed by WVUV for the past five years. He does not drink. The judges had an excellent opportunity to observe the personalities of the three candidates during the hearing. It is our conclusion from the evidence and our observation of the candidates that Pulou ranks first on the issue of forcefulness, character, personality, and capacity for leadership; Pati second, and Ierome third, and we so find. Frequent drunkenness is not a good recommendation for a school teacher nor is occasional drunkenness a good recomendation [sic] for a policeman.

With respect to the issue of the value of the holder of the matai name to the Government of American Samoa, it is

our conclusion from the evidence that Pulou ranks first and that Ierome and Pati rank second and equally, and we so find. The evidence upon which we base our conclusion on this issue has already been delineated and it would serve no useful purpose to repeat it.

Since Sec. 933 of the Code quoted supra provides that "In the trial of matai name cases, the High Court shall be guided" in respect to the matters involved in the four issues "in the priority listed," it follows that we must give (1) the most weight to the "best hereditary right," (2) less weight to the "wish of the majority or plurality" of the blood members of the family than to the "best hereditary right" (3) less weight to "forcefulness, character, personality and capacity for leadership" than to the "wish of the majority or plurality of the family" and (4) the least weight of all to the matter of the "value of the holder of the matai name to the Government of American Samoa." Since we have found that Pati ranks first on the first two issues, that Pulou ranks first on the third and fourth issues, and that Ierome does not rank first on any of the issues, it follows from the statute that the Court must award the Lavea title to Pati.

### DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that Pati shall be registered as the holder of the matai name Lavea attached to the village of Aoa, and the Registrar of Titles will be so advised.

Costs in the sum of $36.00 are hereby assessed against Pulou and Ierome, each to pay $18.00 within 30 days.